|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ANDREW BELL and BECKY BELL, husband and wife, | No. 2:20-cv-01716 |
|---|---|
| Plaintiffs, | NOTICE OF REMOVAL |
| v. |   |
| THE BOEING COMPANY, a Delaware corporation licensed as a Washington foreign corporation, |   |
| Defendant. |   |

TO: **THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant The Boeing Company ("Boeing") removes this action to this Court from the Superior Court of the State of Washington for King County. In support of this Notice, Boeing respectfully states:

**STATE COURT ACTION**

1. Plaintiffs Andrew Bell and Becky Bell ("Plaintiffs") commenced this action on or about August 13, 2020, by filing a Complaint for Damages in the Superior Court of the State of Washington for King County, where it was assigned Case No. 20-2-12580-6 SEA. Boeing was served with the Summons and Complaint on October 22, 2020. No further proceedings in this matter have been held in the Superior Court for King County.

NOTICE OF REMOVAL
(No. 2:20-cv-01716) –1

92305222.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2. Plaintiffs' Complaint alleges discrimination, and retaliation in violation of Washington's Law Against Discrimination, RCW 49.60. Attachment A, Complaint ("Compl.") at Section III ¶¶ C-E. Plaintiffs also allege common law claims for wrongful termination in violation of public policy and breach of contract. Compl. at Section III ¶¶ B, F. Plaintiffs also assert a claim in equity for a declaration of contractual rights. Compl. at Section III ¶¶ G. Plaintiffs allege economic damages, including back pay, front pay and health care expenses, and interest, in an amount to be proven at trial; non-economic damages, including damages for "severe emotional distress, anxiety, depression, emotional trauma, loss of earnings both past and future, loss of promotional opportunities both past and future, physical illnesses and such other special and general damages as will be proven at the time of trial;" attorneys' fees and costs; statutory double damages pursuant to RCW 49.52.070; and "such other and further relief as the Court deems just and equitable." Compl. at Section VI.

### GROUNDS FOR REMOVAL

3. This action is removable under 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. §1332. Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000. This Notice is timely filed and all other procedural requirements are met.

**Complete Diversity in Citizenship**

4. Plaintiffs allege that they are currently residents of North Carolina. Compl. Section I ¶ A. Plaintiffs are thus citizens of North Carolina.

5. Boeing is a corporation organized and existing under the laws of Delaware. Boeing's headquarters and principal place of business are located in Chicago, Illinois. Boeing is thus a citizen of Delaware and Illinois. See 28 U.S.C. § 1332(c)(1).

6. Accordingly, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**Amount in Controversy**

NOTICE OF REMOVAL
(No. 2:20-cv-01716) –2

92305222.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

7. The Court should conclude based on a preponderance of evidence that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs. A removing defendant may make the requisite showing that Section 1332's jurisdictional threshold of $75,000 is satisfied by either (1) demonstrating that it is facially apparent from the complaint that the claims likely exceed $75,000 or (2) setting forth facts in the notice of removal that support a finding of the requisite amount under a preponderance of evidence standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Although Plaintiff does not specify the dollar amount he seeks in damages in the Complaint, a reasonable person, reading the Complaint, would conclude that Plaintiff "more likely than not" seeks damages in an amount greater than $75,000. *Id*. at 699; LCR 101. By the statements contained in this Notice of Removal, Boeing does not concede that Plaintiff is entitled to any damages.

8. Plaintiff's Complaint seeks economic damages, including "back pay, front pay and health care expenses, together with pre-judgment and post-judgment interest at the legal rate;" non-economic damages, including damages for "severe emotional distress, anxiety, depression, emotional trauma, loss of earnings both past and future, loss of promotional opportunities both past and future, physical illnesses and such other special and general damages as will be proven at the time of trial;" his attorneys' fees and costs; statutory double damages pursuant to RCW 49.52.070; and "such other and further relief as the Court deems just and equitable." Compl. at Section VI.

9. With respect to Plaintiff's request for lost income, Plaintiff earned a regular rate of pay of approximately $35.88 per hour at Boeing at the time of the termination of his employment with Boeing on March 23, 2019.  Assuming for purposes of this removal estimate that Plaintiff worked an average of 40 hours per week, Plaintiff would have received $74,630.40 in gross wages from Boeing in 2019. As of the date of this filing, which is more than 18 months after Plaintiff's employment with Boeing ended, assuming for purposes of this removal estimate that Plaintiff seeks damages of lost back pay for a period of at least one and one-half years at a

NOTICE OF REMOVAL
(No. 2:20-cv-01716) –3

92305222.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

rate equivalent to or greater than his estimated 2019 earnings, the damages he seeks equate to at least $111,945.60. This is, of course, disputed by Boeing and also exclusive of the variety of other damages that Plaintiff seeks. Accordingly, Plaintiff's request for lost pay and wages (plus his request for front pay, attorneys' fees and costs, and emotional distress damages) more likely than not exceeds the $75,000 threshold even without considering Plaintiff's other alleged damages.

10. Plaintiff's Complaint also seeks attorneys' fees. Compl. Section V, ¶ 4. Where, as here, attorneys' fees may be recoverable under RCW 49.60.030, reasonable attorneys' fees are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (holding "that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.").

11. The combined value of Plaintiff's claimed damages for the alleged violations of state law, including: (1) back and front wages, (2) emotional distress and other general compensatory damages, and (3) attorneys' fees and costs, leaves no doubt that a reasonable person would conclude that the amount in controversy here exceeds the $75,000 amount required for diversity jurisdiction. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if Plaintiff "might recover" award of compensatory and punitive damages in excess of amount in controversy requirement). Thus, based upon a preponderance of the evidence, Boeing has satisfied its burden to establish that the amount in controversy exceeds $75,000. This Court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**ACTION REMOVABLE**

NOTICE OF REMOVAL
(No. 2:20-cv-01716) –4

92305222.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

12. This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff initially filed the action in federal court. This Court is the district court of the United States for the district and division "embracing the place where [the state court] action is pending," and is therefore the appropriate court for removal. 28 U.S.C. § 1441(a).

13. Boeing chooses to remove this action to the Seattle Division of this Court because Plaintiff's claims arose in King County. Compl. ¶ 1.1.

14. This Notice is filed with the Court within thirty (30) days after service on Boeing of the Summons and Complaint, in accordance with 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

## PLEADINGS FILED

15. Copies of all process and pleadings filed in this case and found in the files of the Superior Court of the State of Washington for King County are attached to the Verification of State Court Record filed with this Notice. *See* LCR 101(b).

DATED: November 20, 2020

By: s/ Julie S. Lucht
By: s/ Tyrone R. Ivey
Julie S. Lucht #31278
Tyrone R. Ivey #55683
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: JLucht@perkinscoie.com
TIvey@perkinscoie.com

*Attorneys for Defendant*
The Boeing Company

NOTICE OF REMOVAL
(No. 2:20-cv-01716) –5

92305222.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

On November 20, 2020, I caused to be served upon the following, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| | |
|---|---|
| J. Roderik Stephens, WSBA #14538<br>**The Stephens Law Firm**<br>424 29th St. NE, Suite D<br>Puyallup, WA 98372<br>Telephone: 253-863-2525<br>Email: rod@stephenslawfirm.com | ___ Via Hand Delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>**X** Via E-Filing<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>**X** Via Email |

Attorneys for Plaintiff

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Seattle, Washington on November 20, 2020.

_____
Kyle Koats, Legal Practice Assistant

CERTIFICATE OF SERVICE
(No. 2:20-cv-01716) –1

92305222.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000