UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW BELL and BECKY BELL, husband and wife,<br><br>                  Plaintiffs,<br>   v.<br><br>THE BOEING COMPANY,<br><br>                  Defendant. | CASE NO. 20-CV-01716-LK<br><br>ORDER REGARDING SUPPLEMENTAL BRIEFING |

Before the Court are the parties' competing motions for summary judgment and responsive briefs. Dkt. Nos. 17, 23, 33, 36, 42, 43. The Court, in its discretion, orders supplemental briefing in this case. *See Flores v. City of Lakewood*, C15-5013-BHS-JRC, 2016 WL 4193866, at *2 (W.D. Wash. Aug. 9, 2016). Within 14 days of this Order, the parties shall each submit supplemental briefs of no more than 12 pages in length addressing the following two issues:

(1) Whether the Collective Bargaining Agreement ("CBA") referenced in Boeing's November 3, 2017 contingent offer letter formed part of the agreement between Bell

ORDER REGARDING SUPPLEMENTAL BRIEFING - 1

and Boeing, including whether there was mutual assent to all material terms of the CBA at the relevant time(s); and

(2) If so, whether this case presents "special circumstances warrant[ing] a finding that, despite the presence of a seniority system . . . , the requested 'accommodation' is 'reasonable' on the particular facts." *US Airways, Inc. v. Barnett*, 535 U.S. 391, 405 (2002).

The parties' discussion of the second issue should include, but is not limited to, whether Boeing's "exclusive right" under Section 5.4 of the CBA to deviate from the seniority system "to ensure operational efficiency" creates the "special circumstances" that the Supreme Court envisioned in *Barnett*. *See also* Section 5.4(a) ("[S]hift preferences as defined will not apply in instances where the exercise of such rights would affect the efficiency of Company operations in any organization on any shift.").

Dated this 18th day of March, 2022.

Lauren King
United States District Judge

ORDER REGARDING SUPPLEMENTAL BRIEFING - 2