THE HONORABLE LAUREN J. KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW BELL and BECKY BELL, husband and wife,

    Plaintiffs,

v.

THE BOEING COMPANY, a Delaware corporation licensed as a Washington foreign corporation

    Defendant.

No. 2:20-cv-01716 LJK

BOEING'S MOTIONS IN LIMINE

NOTE FOR MOTION CALENDAR
May 20, 2022

## I.    INTRODUCTION

Pursuant to the Federal Rules of Evidence ("FRE") and the Federal Rules of Civil Procedure ("FRCP"), Defendant The Boeing Company ("Boeing" or "Defendant") respectfully submits these Motions in Limine and requests that the Court enter an order regarding the following issues of evidence:

1. Excluding evidence of correspondence between Boeing employees who are not decision-makers;

2. Excluding evidence of employees' social media posts; and

BOEING'S MOTIONS IN LIMINE
(No. 2:20-cv-01716 LJK) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

3. Excluding evidence related to claims dismissed at summary judgment.

Evidence concerning these matters is not relevant to the issues in this case and should be excluded. Such evidence and any related argument is likely to confuse the jury, waste the Court's time, and unfairly prejudice Boeing.

## II.  BACKGROUND

Boeing offered Plaintiff a job in Auburn, Washington on November 3, 2017. Plaintiff, who lived in North Carolina at the time, accepted the job offer, but delayed his start date and did not begin working for Boeing until April 2018.

Although Plaintiff began working on second shift, he was later transferred to third shift pursuant to a shift load rebalancing process described in the Collective Bargaining Agreement that governed his role. Rather than move to third shift, Plaintiff requested an accommodation, claiming he was unable to work at night. When he originally requested an accommodation, Plaintiff presented a doctor's note requesting he be excused from working third shift for unspecified medical reasons. Over the course of the next nine months, Boeing communicated with Plaintiff and multiple doctors to identify what medical condition, if any, precluded Plaintiff from working third shift and to find an appropriate accommodation. Boeing granted Plaintiff a temporary accommodation that allowed him to work on second shift for thirty days, pending receipt of additional medical information needed to clarify the extent of his third shift restriction. When no such medical information was received, Boeing further accommodated Plaintiff by placing him on a medical leave of absence until (1) he was medically released to work third shift, (2) his medical provider determined he had permanent restrictions preventing him from working third shift, or (3) he exhausted his leave benefits.

BOEING'S MOTIONS IN LIMINE
(No. 2:20-cv-01716 LJK) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

When Plaintiff's leave benefits ran out in February 2019, he had still not provided Boeing with sufficient documentation to support his need for the requested accommodation. In July 2018, his doctor in Washington concluded she did not "have a clinical reason for [Plaintiff] to not be able to work a 3rd shift" because his workup was "negative so far," and referred him to a specialist. Dkt. No. 18-1 at 205. In November 2018, his sleep specialist determined that if his HLA test was negative, it would confirm her initial diagnosis that "would not affect [Plaintiff's] employability or shift work capacity." *Id.* at 236. Bell failed to provide any medical documentation after November 2018. When Boeing contacted Plaintiff in March 2019, he confirmed he had no intention of returning to work in Washington. As a result, Plaintiff's employment was terminated for job abandonment effective March 23, 2019.

Plaintiff filed this lawsuit on August 13, 2020, alleging wrongful termination in violation of public policy; failure to accommodate, disability discrimination, and retaliation in violation of the Washington Law Against Discrimination ("WLAD"); breach of contract; and seeking a declaration of rights under his relocation repayment contract. Dkt. # 1-2 at 5-7. This court granted in part Boeing's Motion for Summary Judgment, dismissing all but Plaintiff's failure to accommodate claim. *See* Dkt. # 51.

### III.   CERTIFICATION OF CONFERENCE OF COUNSEL

On March 28, 2022, counsel held a telephonic conference in a good faith effort to resolve the evidentiary issues remaining for trial. The parties did not reach agreement on the issues set forth in the following motions in limine.[1]

---

[1] The parties did agree generally that evidence related to claims dismissed on summary judgment should be excluded but that was prior to receiving the Court's order ruling on the summary judgment motions.

BOEING'S MOTIONS IN LIMINE
(No. 2:20-cv-01716 LJK) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## IV.   MOTIONS IN LIMINE

### A.   Standards Governing Relevance and Admissibility Under Rules 401-403

Evidence is admissible only if it is relevant. FRE 402. "Relevant evidence" is evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and evidence that "is of consequence in determining the action." FRE 401.

Even if evidence is somehow minimally relevant to the determination of matters at issue in this action, it may nonetheless be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. "[U]nfair prejudice" under Rule 403 means "an undue tendency to suggest decision on an improper basis." *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 993 (9th Cir. 2009) (internal quotation marks omitted). It is difficult, if not impossible, to limit the jury's improper use of such evidence through jury instructions.[2]

### B.   The Court Should Preclude Evidence, Testimony, or Argument Regarding E-Mail Correspondence Between Individuals Who Did Not Make Decisions Related to Plaintiff's Leave

Plaintiff should be precluded from offering evidence and argument related to certain email exchanges between Boeing employees after Plaintiff went on leave. The Reed group, Boeing's third party leave administrator, made the determination that the medical information Plaintiff provided did not support further leave. In briefing the summary

---

[2] *Cf. Annis v. Cnty. of Westchester*, 136 F.3d 239, 247 (2d Cir. 1998) (after admission of allegations predating the limitations period, "the well had been poisoned and, despite the court's best efforts, there was no way to decontaminate it"); *Kinan v. Brockton*, 876 F.2d 1029, 1033-34 (1st Cir. 1989) (evidence of prior judgments against defendant in other actions held inadmissible due to prejudicial effect); *Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 393 (E.D. Pa.) ("[E]ven the strongest jury instructions [cannot] . . . dull[] the impact" of a jury hearing evidence of other bad acts), *aff'd*, 639 F.2d 774 (3d Cir. 1980).

BOEING'S MOTIONS IN LIMINE
(No. 2:20-cv-01716 LJK) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

<5>

judgment motions in this case, Plaintiff cited e-mail correspondence between manufacturing managers who were not involved in and did not have authority to make decisions regarding Plaintiff's leave. Correspondence between these individuals is irrelevant to Plaintiff's claim the Company failed to accommodate him.

More to the point, this Court has already found Plaintiff's "reliance on internal Boeing emails … unavailing" in the context of the claims for which the emails were offered as evidence. Dkt. #51 at 26-27. The Court dismissed Plaintiff's wrongful termination and disparate treatment claims, and the emails are even less relevant to Plaintiff's sole remaining failure to accommodate claim. As the Court explained in its April 20, 2022 Order, the issue in this case is "whether Boeing's use of unpaid medical leave was an 'adequate' … accommodation in the circumstances of this case." Dkt. #51 at 22. Managers' sentiments toward Plaintiff—particularly where the record does not "suggest that discriminatory animus towards Bell's sleep disorder played a substantial role in Boeing's decision to place him on unpaid medical leave"—are irrelevant to the claim in this case. *See* Dkt. #51 at 27 (internal quotation marks omitted).

This is particularly true where, as here, the third-party employees who expressed negative opinions about Plaintiff were not decisionmakers with respect to the complained-of decision. *Cf. e.g., Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J.) (concurring) (finding statements by non-decision makers insufficient to establish discriminatory intent); *Boyd v. DSHS,* 187 Wash. App. 1, 18 (2015) (evidence of supervisor's biased actions or comments irrelevant if "adverse employment action is unrelated to the supervisor's original biased action") (citing *Staub v. Proctor Hosp.*, 562 U.S. 411 (2011)); *Figures v. Bd. of Pub. Utils.*, 967 F.2d 357, 361 (10th Cir. 1992) (affirming trial court's exclusion of evidence of discriminatory comments because plaintiff

BOEING'S MOTIONS IN LIMINE
(No. 2:20-cv-01716 LJK) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

could not link those comments to adverse employment action). Emails between individuals who were not decision makers with respect to Plaintiff's leave should thus be excluded under FRE 401.

C.  **The Court Should Preclude Evidence, Testimony, or Argument Regarding Employees' Social Media Posts**

Argument and evidence related to Boeing employees' social media posts unrelated to Plaintiff should be excluded because it is irrelevant, has the potential to waste the Court's time, and unfairly prejudices Defendant.

Evidence is relevant only when it tends to make a fact that is of consequence in determining the action more or less probable. *See* FRE 401. During a deposition in this action, Plaintiff's counsel introduced as exhibits personal social media posts of a Boeing employee that are unrelated to Plaintiff's remaining failure to accommodate claim. None of the posts referenced Plaintiff, Defendant, disability (Plaintiff's alleged disability specifically or disabilities generally), or accommodations. Plainly, social media posts that do not reference Plaintiff, Defendant, or any of the issues and facts central to this case cannot tend to make a fact in this litigation more or less probable. The posts' relevance is further diminished now that Plaintiff's only remaining claim relates to Boeing's alleged failure to accommodate his disability. Indeed, this court found "only that Bell has created a triable issue of fact as to whether Boeing's use of unpaid medical leave was an 'adequate' … accommodation in the circumstances of this case." Dkt. # 51 at 22. Social media posts unrelated to Plaintiff or Boeing have no bearing on the answer to that question. Such social media posts (and any testimony or argument based on them) should therefore be excluded.

The only reason Plaintiff would introduce social media posts at trial is to infect the jury's perception of Boeing employees. Evidence that is offered only to inflame the jury is

BOEING'S MOTIONS IN LIMINE
(No. 2:20-cv-01716 LJK) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

regularly found to be "more unfairly prejudicial than probative and, therefore, not admissible under a Rule 403 balancing analysis." *Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters & Joiners of Am.*, No. C09-5232BHS, 2010 WL 3720277, at *1 (W.D. Wash. Sept. 17, 2010) (excluding evidence of criminal and corrupt behavior where the case did not involve criminal or corruption charges). Evidence of social media posts should thus be excluded because any probative value (and Defendant maintains the posts have *no* probative value) is outweighed by the material's potential to unfairly prejudice Defendant.

### D. The Court Should Preclude Evidence, Testimony, or Argument Regarding Any Claims Dismissed at Summary Judgment

Plaintiff should be precluded from presenting evidence related to any claims dismissed at summary judgment. On April 20, 2022, the Court granted in part Defendant's Motion for Summary Judgment, dismissing Plaintiff's claims for discriminatory discharge, disparate treatment, retaliation, wrongful termination in violation of public policy, breach of contract, promissory estoppel, and declaratory judgment of rights under a contract. Dkt. #51 at 39.  Evidence that is only relevant to previously dismissed claims is routinely excluded from trial. *See, e.g.*, *Martino v. Kiewit N.M. Corp.*, 600 Fed. App'x 908, 913 (5th Cir. 2015) (affirming exclusion of evidence related to claims dismissed at summary judgment); *see also Spradlin Rock Prods., Inc. v. Pub. Util. Dist. No. 1 of Grays Harbor Cnty.*, 164 Wn. App. 641, 662 (2011) (interpreting identical state rule of evidence to mean once a court decides an issue at summary judgment, evidence contradicting the court's determination is "properly excluded" from trial "as being irrelevant" under Rule 402). Any evidence that relates only to claims dismissed at summary judgment should thus be excluded as irrelevant under FRE 401 and 402.

BOEING'S MOTIONS IN LIMINE
(No. 2:20-cv-01716 LJK) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Evidence related to Plaintiff's dismissed claims should be excluded for the separate reason that its introduction is highly likely to confuse the issues, waste the court's time, and mislead the jury. *See* FRE 403; *see, e.g.*, *Morgan v. City of Pleasant Hill*, 268 Fed. App'x 686, 687 (9th Cir. 2008) (holding district court did not err in excluding evidence that "could have confused the issues and indirectly invited the jury to re-litigate the excessive force claim, which was dismissed in summary judgment"); *Selliken v. Country Mut. Ins. Co.*, NO: 12-CV-05150TOR, 2014 WL 12634309, at *4 (E.D. Wash. Jan. 21, 2014) (excluding exhibit concerning claims that were dismissed at summary judgment because it was likely to "confuse the jury [and] prejudice Defendant"). The sole remaining claim at issue centers on Boeing's alleged failure to accommodate Plaintiff's disability. Discussion of Plaintiff's termination, the circumstances of his hiring, alleged promises related to shift assignment, and any alleged discrimination against Plaintiff on the basis of his disability unnecessarily muddy the waters in what can otherwise be a straightforward adjudication of whether Boeing's decision to place Plaintiff on medical leave was a reasonable accommodation under the circumstances. Failure to accommodate claims are narrowly focused on the question of whether an employer met its obligations to accommodate under the WLAD. Evidence unrelated to that inquiry (but related to Plaintiff's already dismissed claims) should not be admitted.

## V. CONCLUSION

For the reasons stated above, Boeing respectfully requests that the Court issue an order prohibiting Plaintiff from introducing any evidence or argument at trial concerning the issues identified above.

BOEING'S MOTIONS IN LIMINE
(No. 2:20-cv-01716 LJK) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: May 2, 2022 | By: *s/ Julie S. Lucht* |
| 3 | | Julie S. Lucht WSBA No. 31278 |
| 4 | | Margo S. Jasukaitis, WSBA No. 57045<br>Attorneys for Defendant The Boeing Company |
| 5 | | **Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900 |
| 6 | | Seattle, WA 98101-3099<br>Telephone: 206.359.8000 |
| 7 | | Facsimile: 206.359.9000<br>Email:  JLucht@perkinscoie.com |
| 8 | | MJasukaitis@perkinscoie.com |

BOEING'S MOTIONS IN LIMINE
(No. 2:20-cv-01716 LJK) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

On May 2, 2022, I caused to be served upon the following, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| | |
|---|---|
| J. Roderik Stephens, WSBA #14538<br>The Stephens Law Firm<br>424 29th St. NE, Suite G Office C<br>Puyallup, WA 98372<br>(253) 863-2525<br>Rod@stephenslawfirm.com<br>kathryn@stephenslawfirm.com<br>**Attorneys for Plaintiff** | ___  Via Hand Delivery<br>___  Via U.S. Mail, 1st Class, Postage Prepaid<br>_X_  Via E-Filing<br>___  Via Overnight Delivery<br>___  Via Facsimile<br>___  Via Email |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Dublin, California on May 2, 2022.

*s/ KC Davis*
KC Davis, Legal Practice Assistant

CERTIFICATE OF SERVICE
(No. 2:20-cv-01716 LJK) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000