UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW BELL and BECKY BELL, husband and wife,<br><br>            Plaintiffs,<br>     v.<br><br>THE BOEING COMPANY,<br><br>            Defendant. | CASE NO. 20-CV-01716-LK<br><br>ORDER ON PARTIES' MOTIONS IN LIMINE AND REGARDING PROPOSED PRETRIAL ORDER |

This matter comes before the Court on the parties' motions in limine, Dkt. Nos. 53–54, and the parties' "Joint Pretrial Statement," Dkt. No. 59.

After review of the record, the Court grants in part, denies in part, and defers in part the parties' motions in limine. The following rulings may be revisited during trial if necessary.

The Court also orders the parties to file a revised Proposed Pretrial Order by May 25, 2022, for the reasons discussed below.

ORDER ON PARTIES' MOTIONS IN LIMINE AND REGARDING PROPOSED PRETRIAL ORDER - 1

## I. INTRODUCTION

The Court has already provided a detailed factual background in its order on the parties' motions for summary judgment. *See* Dkt. No. 51 at 1–16. It therefore declines to reproduce that summary here. Suffice it to say that only one issue remains in this case: whether Boeing's placement of Bell on unpaid medical leave was a reasonable accommodation. *Id.* at 22. The parties are scheduled to try this lone survivor before a jury on June 6, 2022. Dkt. No. 45 at 2.

## II. MOTIONS IN LIMINE

The Court begins by setting forth a few guideposts. It then addresses the points on which the parties agree before resolving the disputed issues.

### A. Legal Standard

Parties may move "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). But the Court enjoys "wide discretion in determining the admissibility of evidence," *United States v. Abel*, 469 U.S. 45, 54 (1984), and it may amend, renew, or reconsider its rulings in limine in response to developments at trial, *Luce*, 469 U.S. at 41–42.

The Court is generally guided by Federal Rules of Evidence 401 and 403. *See Houserman v. Comtech Telecomms. Corp.*, 519 F. Supp. 3d 863, 867 (W.D. Wash. 2021). The Court must first consider whether the evidence at issue "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. If so, the evidence is relevant and therefore generally admissible. *See* Fed. R. Evid. 402. But there are many exceptions to this general rule. The Court may, for example, exclude relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Relevance and prejudice "are

determined in the context of the facts and arguments in a particular case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008).

### B. Uncontested Motions in Limine

The parties have submitted 15 agreed or uncontested motions in limine. They propose the following evidentiary limitations:

1. Neither party, nor any witness, will discuss or offer testimony about Bell's criminal history. Dkt. No. 54 at 2.

2. Neither party, nor any witness, will discuss or offer testimony about Bell's "past creditworthiness." Dkt. No. 54 at 2.

3. Boeing Medical representatives will not offer expert opinions; however, they may testify about their personal knowledge and experience. Dkt. No. 54 at 2; Dkt. No. 56 at 2; *see* Fed. R. Evid. 602, 702.

4. Boeing will not refer to any portion of Bell's medical history that is unrelated to his reasonable accommodation claim. Dkt. No. 54 at 2; Dkt. No. 56 at 2.

5. Boeing will not engage in argument about what Bell might do with a jury award or describe Bell as "greedy"; "hitting the lottery"; "hitting the jackpot"; or any other similar characterization. Dkt. No. 54 at 2. Nor will Boeing engage in any argument expressing disdain for the civil justice system or invoking passion or prejudice against civil lawsuits. *Id*.

6. Counsel will provide the names of witnesses they intend to call the next trial day by the end of the immediately preceding trial day. Dkt. No. 54 at 2.

7. All non-party witnesses will be excluded from the courtroom before they are called to testify. *Id.*; *see* Fed. R. Evid. 615. However, Boeing's representative may appear in the courtroom throughout trial and may be called as a witness. Dkt. No. 56 at 2; *see* Fed. R. Evid. 615(b).

8. The parties are responsible for instructing Zoom witnesses that they may not use their phones or other devices to text message, email, call, or otherwise communicate with anyone during their sworn testimony. Dkt. No. 54 at 3.

9. Neither party will reference attorney fees or fee structures. *Id*.

10. Neither party will offer evidence, testimony, or argument regarding claims dismissed on summary judgment. Dkt. No. 53 at 7–8; Dkt. No. 54 at 3; Dkt. No. 58 at 2; *see* Dkt. No. 51.

11. Neither party will assert or argue in the presence of the jury that the other

    party failed to call or should have called a witness when that witness is equally available to both parties. Dkt. No. 54 at 3.

12. Neither party will mention the parties' motions in limine. Dkt. No. 54 at 3.

13. Bell will not offer evidence, testimony, or argument related to Boeing's financial resources or size as a basis for a jury award. Dkt. No. 54 at 3. However, evidence of this nature is permissible if Boeing argues that it could not afford to reasonably accommodate Bell's disability. *Id*.

14. Bell will not introduce social media posts made by Boeing employees, including Bill Watterson's social media posts, unless Boeing opens the door to introduction of such evidence. Dkt. No. 53 at 6; Dkt. No. 56 at 2; Dkt. No. 58 at 2.

15. Neither party will introduce evidence, testimony, or argument related to Bell's medical specials or medical expenses. Dkt. No. 54 at 4, 9; Dkt. No. 56 at 6.

Pursuant to the parties' agreement and their arguments regarding the legal basis for imposing the above evidentiary limitations, the Court grants their uncontested motions in limine. The Court further clarifies that non-exempt witnesses subject to recall will be required to exit the courtroom until called back or excused, while excused witnesses may exit or remain in the courtroom following their testimony at their election. Counsel must ensure that there are no prospective non-exempt witnesses in the courtroom during the testimony of another witness.

  **C.**  **Boeing's Contested Motion in Limine: Internal Boeing Emails**

Boeing seeks to exclude email correspondence between manufacturing managers "who were not involved in and did not have authority to make decisions regarding [Bell's] leave." Dkt. No. 53 at 5. According to Boeing, these emails are irrelevant to Bell's reasonable accommodation claim. *Id.* Boeing does not specify exactly which emails it wishes to keep from the jury.

Bell contends that emails "surrounding Boeing's decision to place Mr. Bell on an unpaid medical leave . . . [are] admissible if [they are] probative of the facts in issue or show[] bias, discriminatory animus or motive." Dkt. No. 58 at 3. But emails introduced to show "bias, motive, [or] discriminatory intent," *id.* at 4, are irrelevant to the sole issue going to trial: whether Boeing

ORDER ON PARTIES' MOTIONS IN LIMINE AND REGARDING PROPOSED PRETRIAL ORDER - 4

failed to reasonably accommodate Bell. *See* Dkt. No. 59 at 2; 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 330.33 (7th ed.). And even if such emails are tangentially relevant, it is likely that their minimal probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403, 611(a). The Court will not allow Bell to backdoor evidence that relates to claims dismissed on summary judgment; indeed, such evidence would violate the parties' agreed motion in limine prohibiting evidence, testimony, or argument regarding claims dismissed on summary judgment. *See, e.g.*, Dkt. No. 51 (dismissing Bell's discriminatory discharge, disparate treatment, retaliation, wrongful termination in violation of public policy, breach of contract, promissory estoppel, and declaratory judgment claims).

Boeing's motion in limine is granted to the extent that Bell seeks to introduce emails to show "bias, motive, [or] discriminatory intent." The Court denies the remainder of this motion in limine without prejudice to Boeing reasserting objections to specific testimony or exhibits at trial. *See* Standing Order for All Civil Cases, p. 5, *available at* https://www.wawd.uscourts.gov/sites/wawd/files/KingStandingOrderReCivilCases.pdf ("Parties are discouraged from filing motions in limine which do not identify specific evidence or exhibits to be excluded [or] which request relief at a high level of generality."); *Vincent v. Reyes*, No. C19-00329-RMI, 2021 WL 4262289, at *1 (N.D. Cal. Sept. 20, 2021) ("courts are better situated during the actual trial to assess the value and utility of evidence, instead of tackling the matter in a vacuum.").

### D. Bell's Contested Motions in Limine

#### 1. Unemployment and Short-Term Disability Benefits

Bell first argues that any evidence of his "application for and/or receipt of unemployment benefits or short-term disability insurance benefits is inadmissible under the collateral source rule

1  and under FRE 402 and 403." Dkt. No. 54 at 4–5. Boeing counters that its short-term disability
2  plan "is a self-funded payroll policy" and therefore not derived from a collateral source. Dkt. No.
3  56 at 3. This, according to Boeing, means that it may offer evidence of Bell's short-term disability
4  benefits to offset damages. *Id.* Boeing also argues that although unemployment benefits may not
5  be used to offset damages, such evidence is nevertheless admissible "to show whether [Bell] met
6  his obligation to mitigate damages[.]" *Id.*

7       "The collateral source rule provides that a tortfeasor may not reduce its liability due to
8  payments received by the injured party from a collateral source when that source is independent
9  of the tortfeasor." *Matsyuk v. State Farm Fire & Cas. Co.*, 272 P.3d 802, 809 (Wash. 2012)
10 (internal quotation marks and citation omitted); *accord Lister v. Hyatt Corp.*, No. C18-0961JLR,
11 2019 WL 6701407, at *16 (W.D. Wash. Dec. 9, 2019). The rule "is designed to prevent the
12 wrongdoer from benefitting from third-party payments." *Cox v. Lewiston Grain Growers, Inc.*,
13 936 P.2d 1191, 1200 (Wash. Ct. App. 1997). Here, however, the source of Bell's short-term
14 disability payments is not "independent of the tortfeasor." *Matsyuk*, 272 P.3d at 809. Put
15 differently, Bell's short-term disability benefits were "ultimately paid entirely by [Boeing] and
16 thus are not derived from a collateral source." *McLean v. Runyon*, 222 F.3d 1150, 1156 (9th Cir.
17 2000); *see* Dkt. No. 56 at 3.

18      Nor do Rules 402 or 403 compel exclusion of this evidence. Bell's receipt of short-term
19 benefits is relevant to the jury's determination of appropriate damages (should Bell prevail on his
20 reasonable accommodation claim). *See* Dkt. No. 56 at 3. Bell's argument that this evidence will
21 "only serve to confuse the fact finder" because it might "suggest or imply that [he] is a
22 malinger[er]" misses the point. Dkt. No. 54 at 5. Such a fear draws its strength from the false
23 predicate that the collateral source rule bars evidence of the short-term benefits at issue. *See Cox*
24 *v. Spangler*, 5 P.3d 1265, 1270 (Wash. 2000) (applying collateral source rule to conclude that,

while plaintiff's receipt of industrial insurance benefits might show malingering, any "marginal relevance" was outweighed by a danger of unfair influence on the jury). As noted, Boeing's short-term benefits fund is not a collateral source, so Boeing cannot benefit from third-party payments, just as the jury will not "nullify the defendant's responsibility" if it chooses to offset damages. *Johnson v. Weyerhaeuser Co.*, 953 P.2d 800, 804 (Wash. 1998); *see also McLean*, 222 F.3d at 1156 ("There is no windfall to USPS if McLean's FECA benefits are offset from his damages award because USPS pays both the damages award and the workers' compensation benefits."). The probative value of Bell's short-term disability benefits is not "substantially outweighed" by a danger of unfair prejudice or confusing the issues. Fed. R. Evid. 403.

The Court reaches a different conclusion with respect to unemployment benefits. Boeing essentially contends that, although it cannot offset damages with unemployment benefits, it should still be permitted to introduce that evidence as proof that Bell failed to mitigate his damages. Dkt. No. 56 at 3. In Boeing's view, "[e]vidence related to how much [Bell] earned in unemployment benefits is relevant because those payments may have affected the timing and scope of [his] job search (*i.e.*, disincentivized him from pursuing employment earlier or [employment] that paid less)." *Id.* Although Bell's unemployment benefits might be relevant to Boeing's affirmative defense that he failed to mitigate damages, relevance is not synonymous with admissibility. And "[e]ven when it is otherwise relevant, proof of such collateral payments is usually excluded, lest it be improperly used by the jury to reduce the plaintiff's damage award." *Cox*, 5 P.3d at 1270. The "minimal probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury," including the risk that the jury will "confuse the issue and amount of any damages with the amount Plaintiff received through unemployment insurance," and the risk of "a mini-trial over the speculative effect of unemployment benefits on an unemployed individual's willingness to work." *Gardner v. Fed.*

ORDER ON PARTIES' MOTIONS IN LIMINE AND REGARDING PROPOSED PRETRIAL ORDER - 7

*Express Corp.*, No. 14-CV-01082-TEH, 2015 WL 5821428, at *3 (N.D. Cal. Oct. 6, 2015).

This motion in limine is granted as to evidence of unemployment benefits and denied as to evidence of short-term disability benefits.

### 2. Bell's Retention of Legal Counsel

Bell next urges the Court to exclude any testimony or argument "related to the timing and circumstances of [his] retention of his legal counsel." Dkt. No. 54 at 6. He claims that this evidence has no probative value and, even if it does, it will "only distract the jury from the facts at issue." *Id.* Boeing does not intend to elicit testimony or otherwise offer evidence about attorney fees or privileged communications. Dkt. No. 56 at 4. But it claims that it is impossible to try this case without referencing Bell's counsel, "who was actively involved in discussions with [Bell's] medical providers regarding [his] alleged disability and potential accommodations[.]" *Id.* Specifically, Bell's counsel is referenced in documents and correspondence that Boeing intends to present regarding the "ongoing dialogue" among Boeing, Bell, and Bell's medical providers. *Id.*

The parties are talking past each other on this issue. Bell does not seek to wholesale preclude any and all reference to his counsel. Rather, he asks that the Court only prevent Boeing from commenting on "the timing and circumstances" of his retention of counsel. Dkt. No. 54 at 6. The Court agrees that any argument or testimony about this specific subject is irrelevant to whether Boeing reasonably accommodated Bell's disability. And even if it is marginally relevant, its probative value is far outweighed by a risk of confusing the issues, misleading the jury, or wasting time. Fed. R. Evid. 403. On the other hand, though, Boeing may present documents and correspondence that reference Bell's counsel so long as such evidence is offered to demonstrate its engagement in the interactive process—the touchstone of reasonable accommodation. *See Goodman v. Boeing Co.*, 899 P.2d 1265, 1269–70 (Wash. 1995); *Gibson v. Costco Wholesale, Inc.*, 488 P.3d 869, 877 (Wash. Ct. App. 2021).

ORDER ON PARTIES' MOTIONS IN LIMINE AND REGARDING PROPOSED PRETRIAL ORDER - 8

This motion in limine is granted to the extent it seeks to exclude testimony or argument regarding the timing and circumstances of Bell's retention of legal counsel that does not bear upon Boeing's accommodation of Bell or the interactive process.

3. <u>Limitations on Direct and Cross-Examination of Witnesses</u>

Bell seeks to preclude Boeing from conducting direct examination of its witnesses during his case-in-chief. Dkt. No. 54 at 7. Boeing does not appear to object to this request. *See* Dkt. No. 56 at 5. However, Bell's proposed approach threatens to waste the jury's time by needlessly recalling witnesses during Boeing's case-in-chief. The Court defers this portion of the motion in limine until the Pretrial Conference.[1]

Along the same lines, Bell asks the Court to preclude Boeing's witnesses from "expanding their testimony beyond the scope of direct examination," and requests "an advance ruling permitting him to question [Boeing's] FRCP 30(b)(6) representative and James Watterson and other witnesses aligned with [Boeing] using leading questions." Dkt. No. 54 at 7. Last, Bell wishes to prevent Boeing from leading Watterson and Kaitlyn Parsons during cross-examination. *Id.* Boeing does not mount a specific counter to these requests. It instead "presumes the Court will apply the Federal Rules of Evidence at trial and will defer to those rulings[.]" Dkt. No. 56 at 5. This presumption is well-founded.

In accordance with Federal Rule of Evidence 611(b), the Court will generally restrict cross-examination to the "subject matter of the direct examination and matters affecting [a] witness's credibility," but it "may allow inquiry into additional matters" depending on the circumstances of trial. The Court will likewise limit the use of leading questions to cross-examination unless a party calls "a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R.

---

[1] At the Pretrial Conference, the parties should be prepared to discuss what measures they will take to streamline the trial; if the parties cannot agree, the Court will decide for them. *See* Fed. R. Evid. 611(a)(2).

ORDER ON PARTIES' MOTIONS IN LIMINE AND REGARDING PROPOSED PRETRIAL ORDER - 9

Evid. 611(c)(2).

Because the remainder of this motion in limine is just a make-work request to enforce the Rules of Evidence, the Court denies it as unnecessary. *See* Standing Order, p. 5 ("Parties are discouraged from filing motions in limine which . . . merely ask the Court to apply the Federal Rules of Evidence.").

### 4. Boeing's Rule 30(b)(6) Representative

There seems to be some confusion over Boeing's Rule 30(b)(6) representative, Kaitlyn Parsons. *See* Dkt. No. 59 at 8. Here again the parties partially miss each other. Bell contends that he should be permitted to call Parsons in her Rule 30(b)(6) capacity during his case-in-chief. Dkt. No. 54 at 7. He also argues that she "should be held to the four corners of [her] deposition testimony." *Id.* at 8. Boeing responds by asserting that, as a threshold matter, Bell cannot compel Parsons' testimony—at least not in her Rule 30(b)(6) capacity. Dkt. No. 56 at 5. And while Boeing apparently plans to call Parsons in both her Rule 30(b)(6) and personal capacities, it "anticipates [that] her testimony will comport with all applicable rules of evidence." Dkt. No. 56 at 6; Dkt. No. 59 at 8.

During discovery, a party may "name as the deponent a public or private corporation," and the named organization—here, Boeing—"must designate one or more officers . . . or designate other persons who consent to testify on its behalf[.]" Fed. R. Civ. P. 30(b)(6). As Boeing notes, however, the duties of a Rule 30(b)(6) corporate deponent do not extend beyond discovery. *See Roundtree v. Chase Bank USA, N.A.*, No. 13-239-MJP, 2014 WL 2480259, at *1 (W.D. Wash. June 3, 2014) ("[T]he rule contains no language compelling the corporate deponent's testimony at trial."). Bell therefore cannot compel Parsons to testify during his case-in-chief. But this does not prevent Bell from introducing her deposition testimony as substantive proof during his case-in-chief. *See* Fed. R. Civ. P. 32(a)(3); *McMann v. Crane Co.*, No. C14-5429-BHS, 2015 WL 3649180,

at *2 (W.D. Wash. June 11, 2015).

Although Bell acknowledges that a 30(b)(6) representative may correct, explain, or supplement the topics discussed in the 30(b)(6) deposition, his request to limit Parsons "to the four corners of [her] deposition testimony," Dkt. No. 54 at 8–9, impermissibly stretches the "general proposition" that a corporation "cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative," *Snapp v. United Transp. Union*, 889 F.3d 1088, 1103 (9th Cir. 2018) (cleaned up). This rule applies "only where the purportedly conflicting evidence [offered at trial] truly, and without good reason or explanation, is in conflict, *i.e.*, where it cannot be deemed as clarifying or simply providing full context for the Rule 30(b)(6) deposition." *Id.* Parsons can therefore correct, explain, and supplement her deposition testimony with facts and "topics" that might not literally appear within "the four corners" of her deposition transcript, as long as she does not alter or contradict the deposition testimony. *Id.* at 1103–04; *see also McFarland v. BNSF Ry. Co.*, No. 4:16-CV-05024-EFS, 2017 WL 5150794, at *2 (E.D. Wash. Apr. 11, 2017). Furthermore, nothing in Boeing's briefing suggests that it plans to present a new theory of the case through Parsons' trial testimony. *See* Dkt. No. 56 at 6; *see also HSS Enters., LLC v. AMCO Ins. Co.*, No. C06-1485-JPD, 2008 WL 11506715, at *1 (W.D. Wash. May 7, 2008) ("[E]vidence generally should not be considered at trial if it raises new or different allegations that could have been made at the time of the 30(b)(6) deposition.") (cleaned up).

This motion in limine is denied. If Bell believes that Boeing is unfairly deviating from its 30(b)(6) testimony, Bell may object at trial. As a final matter, the Court clarifies that none of this limits Parsons from testifying, in her personal capacity, about matters or information within her personal knowledge. *See* Fed. R. Evid. 602.

          5.    <u>Rule 404 Character Evidence and Rule 608 Specific Instances of Conduct</u>

Bell's next motion in limine seeks to exclude any character evidence "as well as evidence of specific instances of conduct." Dkt. No. 54 at 8. For example, Bell wishes to preclude Boeing from characterizing him as "being 'combative' when objecting to Defendant's desire to move him to the third shift." *Id.*; *see* Dkt. No. 51 at 7–8, 29–30. Boeing again defers to the Court's application of the Federal Rules of Evidence in determining whether testimony at trial constitutes inadmissible character evidence. Dkt. No. 56 at 5. It also disavows any intent to introduce evidence of Bell's behavior "outside his interactions with other Boeing employees[.]" *Id.* Boeing does, however, argue that Watterson's characterization of Bell as "combative"—among other descriptors—is admissible. *Id.*

Character evidence is generally inadmissible "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Nor may a party introduce evidence of "a crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). A party may, however, challenge a witness's credibility with "testimony about the witness's reputation for having a character for . . . untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a). And a witness may be cross-examined about specific instances of conduct "if they are probative of the character for truthfulness or untruthfulness of . . . the witness" or "another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b)(1)–(2). Importantly, Rules 404 and 608 do not govern whether specific instances of conduct are admissible for a non-character purpose.

Boeing submits that Bell's "combative" behavior during meetings with Watterson "is relevant evidence of [his] workplace behavior and his reaction to decisions at the heart of this case." Dkt. No. 56 at 5. Moreover, Boeing suggests that Watterson's testimony about Bell's

behavior is a "personal, first-hand description of his experience and observations," and is therefore "patently" relevant and admissible. *Id.* Although Bell's specific actions relating to the interactive process are relevant to the remaining claim in the case, his general workplace behavior is not. *See Point Ruston, LLC v. Pac. Nw. Reg'l Council*, No. C09-5232-BHS, 2010 WL 3720277, at *1 (W.D. Wash. Sept. 17, 2010) (evidence of party's "aggressive" behavior in a case about an illegal boycott and defamation was irrelevant and "meant to inflame the jury, which [was] more unfairly prejudicial than probative").

This motion in limine is granted with respect to evidence introduced for a character purpose, and denied to the extent it seeks to exclude evidence of Bell's actions with respect to the interactive process.

    6. <u>Evidence About Bell's Alleged Failure to Request an Accommodation While on Unpaid Medical Leave</u>

Bell's final motion in limine attempts to preclude evidence of his alleged failure to request an accommodation once he was placed on unpaid medical leave. Dkt. No. 54 at 9. He claims that argument or testimony on this issue will confuse the jury because it erroneously implies that Boeing's duty to accommodate was "only triggered if he had a permanent as opposed to a temporary disability." *Id.* at 13. As Boeing observes, Bell's motion in limine mostly "rehashes issues briefed at summary judgment and previews substantive arguments" appropriate for trial. Dkt. No. 56 at 6; *see* Dkt. No. 54 at 9–13. And, more importantly, this evidence is relevant to whether Boeing reasonably accommodated Bell's disability. Dkt. No. 56 at 6–7. A brief recap of the applicable law shows why.

"To accommodate, the employer must affirmatively take steps to help the disabled employee continue working—either at their existing position or through attempts to find a position compatible with their skills and limitations." *Gibson*, 488 P.3d at 878. Washington courts have

repeatedly characterized reasonable accommodation as a "flexible, interactive process," *Frisino v. Seattle Sch. Dist. No. 1*, 249 P.3d 1044, 1050 (Wash. Ct. App. 2011), and one that "envisions an exchange between employer and employee where each seeks and shares information," *Goodman*, 899 P.2d at 1269–70; *see* Wash. Rev. Code § 49.60.040(7)(d). The employee therefore "retains a duty to cooperate with the employer's efforts by explaining h[is] disability and qualifications." *Goodman*, 899 P.2d at 1269.

As particularly relevant here, the employee "has a duty to communicate to the employer whether the accommodation was effective," and must do so "while the employer still has an opportunity to make further attempts at accommodation." *Frisino*, 249 P.3d at 1052. This makes sense, too. After all, the employer must be able to evaluate the efficacy of its accommodation efforts so that it can "determine whether more is required to discharge its duty." *Id.* If the first mode of accommodation fails, the employer "may wish to . . . test another"; indeed, "one or more additional attempts may be undertaken" because "previously unsuccessful attempts at accommodation do not give rise to liability if the employer ultimately provides a reasonable accommodation." *Id.* at 1051. All of this makes clear that Bell's alleged failure to request a different accommodation or otherwise communicate with Boeing throughout the interactive process is a key component of the jury's inquiry. Contrary to Bell's suggestion, then, it does not risk confusing the issues. And he is free to challenge the significance of this evidence at trial.

This motion in limine is denied.

### III.  PROPOSED PRETRIAL ORDER

The parties submitted a Proposed Pretrial Order on May 16, 2022. In contravention of the Local Civil Rules, Bell failed to "identify the objection in the Objection column," including reference to the Federal Rule of Evidence upon which the objection is based, when applicable. *See* Local Civ. R. 16(k), 16.1. Bell is ordered to correct these deficiencies in a revised Proposed Pretrial

Order to be submitted by May 25, 2022.

## IV. CONCLUSION

For the reasons discussed above, the Court GRANTS IN PART, DENIES IN PART, and DEFERS IN PART the parties' motions in limine.

The Court also ORDERS the parties to submit a revised Proposed Pretrial Order by May 25, 2022.

Dated this 20th day of May, 2022.

*[signature]*

Lauren King
United States District Judge